**Barbara Jean LEWIS, Appellant,**

v.

**GENERAL MOTORS CORPORATION, Appellee.**

**No. 76–2005.**

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1977.

Decided July 12, 1977.

---

William H. Pickett and Sandra C. Midkiff, Kansas City, Mo., on brief, for appellant.

Paul Scott Kelly, Jr., Kansas City, Mo., on brief, for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Barbara Jean Lewis brought suit against General Motors Corporation (GM) for alleged violations of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, seeking equitable relief, back pay and attorney's fees. She alleged sex discrimination as the cause of her discharge from GM. The case was tried before the Honorable William R. Collinson on May 24 and 25, 1976, and judgment was entered in favor of GM. We affirm that judgment.

On October 9, 1972, Lewis began work on the automobile assembly line at GM's Leeds plant in Kansas City, Missouri. She worked at this location continuously until her termination on November 7, 1972. New employees at GM serve a ninety-day probationary period and may be terminated during the first thirty days of this period without union intervention. During this probationary period, each foreman is responsible for evaluating the new employee's performance on a daily basis. Foremen also are provided AVO forms which are used to record particular instances of favorable or unfavorable job performance.

At trial, Lewis described several incidents which, in her judgment, demonstrated discriminatory treatment by her foreman, Jack Stephans. The incidents included an occasion on which Stephans asked her to bring him a cup of coffee, his flattering reference to the smell of her perfume and his inquiry as to whether she was "happily married." Stephans contested the occurrence of the latter two incidents and was unable to recall the first. Lewis also testified that on occasion, male workers gathered near her work area. The District Court disregarded this incident largely because Lewis testified that the men did not "bother" her and that she did not ask them to leave.

Stephans admitted that he had not consulted others concerning Lewis's work and claimed that his termination decision was based solely on her performance on the assembly line. Contrary to Lewis's testimony, Stephans recalled and documented, with written AVOs, numerous contacts with Lewis concerning her work performance. These documents, established that Stephans had contacted Lewis on eleven different occasions concerning improper work performances. Another foreman also stated that he observed several performance errors on Lewis's part.

█ The District Court specifically rejected Lewis's testimony regarding the alleged incidents of sexual harassment and found that she had been criticized by her foreman on numerous occasions. The court credited Stephans' testimony that Lewis performed her work improperly and was

terminated for that reason. Our review of the record convinces us that the District Court's credibility finding has support in the record and that its factual findings are not clearly erroneous.

Lewis argues that GM had the burden of proving that she was discharged for legitimate business reasons. She claims that a prima facie case of sex discrimination was established by her showing that only a handful of women had been employed on the assembly line or in managerial positions at the Leeds plant.

■ Under appropriate circumstances, statistical evidence suggesting a discriminatory hiring pattern is probative of a similar bias in discharge practices, *see Naraine v. Western Electric Company, Inc.*, 507 F.2d 590, 594 (8th Cir. 1974); *see also Heard v. Mueller Company*, 464 F.2d 190 (6th Cir. 1972), however, we need not decide whether the circumstances were appropriate here. The District Court specifically held that even if Lewis had established a prima facie case, GM met its burden of proof by demonstrating "legitimate business reasons" for the dismissal. We find no reason to disturb the District Court's conclusion that Lewis was discharged for the reasons explained and documented by Stephans.

Affirmed.